IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY MYLES,
        Plaintiff,

vs.                                             5:05cv215/SPM/MD

GALINA KATS-KAGAN
        Defendants.

---

### REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 9). Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed. (Doc. 7).

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that his civil rights were violated when defendant Dr. Kats-Kagan was deliberately indifferent to plaintiff's medical needs when she, as Chief Health Officer, failed to provide or order additional treatment for plaintiff's foot fungus. Plaintiff filed a grievance on October 18, 2004 in which he stated that he went to medical about his heel problems and was told to buy some lotion from the canteen to apply. When he went to medical a second time, he was given what he appears to describe as "A and D" to put on his heel. He ran out of this and on October 4, 2004 went to get more from medical and was told he had to buy it from the canteen. He stated that he had no money, and in the grievance requested that he be given the A and D cream or provided with a certain described cream. The response to the grievance indicated that the plaintiff had been seen on October 14, 2004 (not October 4, 2004 as plaintiff indicated) for a complaint of constipation and a rash between his thighs and had been treated appropriately. The response further indicated that at no time had plaintiff been denied medical treatment.

Plaintiff filed an appeal to the Secretary on November 1, 2004[1] in which he claimed that the defendant had falsified his medical records because she did not acknowledge that he had complained about his foot pain.  He did not complain about the alleged lack of treatment, only about the falsification of records.  The response indicated in relevant part that plaintiff 's records indicated that all of his medical issues regarding his sick call request had been addressed.

Plaintiff filed another request for administrative remedy on November 19, 2004.  He states that he was told to report to sick call and was checked over by a nurse who told him that she saw nothing wrong, but that he could put lotion on his feet.  He also complains again about the alleged falsification of the records, and that he does not feel like the treatment he received was adequate.  The response indicated that plaintiff was properly assessed by the Senior Registered Nurse for his complaint, that the findings were properly recorded, and that the treatment/action taken appeared satisfactory for the symptoms described.  Plaintiff was advised to follow sick call procedure if he had further issues.  There is no indication that plaintiff filed any further appeal.

Plaintiff indicates in his complaint that in March of 2005 a different doctor prescribed an anti-fungal agent for plaintiff's feet[2] and that this appeared to take care of the problem.  There is no indication that there were any lasting effects.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

   1.  whether the conduct complained of was committed by a person acting under color of state law; and

   2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d

---

[1] The date on the form is 10/1/04, but plaintiff indicates in his complaint that this was a scrivener's error.

[2] Plaintiff has submitted as an exhibit an empty box of Ketoconazole Cream, 2%, which according to the Physicians Desk Reference, 2004 edition, is an anti-fungal agent.

662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined. *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). However, after incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the **serious** medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.

The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970));

*Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970,1977, 128 L.Ed.2d 811 (1994). Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[3]

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm*, 774 F.2d at 1575. A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow,* 320 F.3d at 1246 (quoting *McElligott*,

---

[3]The *Farrow* court cited the following examples: *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury). See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

182 F.3d at 1255). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272 n. 11 (11th Cir. 2005) (quoting *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994)).

In this case, it is not clear from the facts set forth in the complaint that plaintiff's foot condition rose to the level of a "serious medical need," as contrasted to the cases cited in *Farrow*. Even assuming that plaintiff's foot condition is serious within the context of the Eighth Amendment, such a claim fails absent evidence that the defendant was deliberately indifferent to his medical needs or provided inadequate medical care. As noted above, plaintiff's disagreement with the medical treatment which he received would not be sufficient to establish a violation of the Eighth Amendment. See *Estelle, supra; Hamm, supra; Campbell, supra; see also Lee v. Baker*, 181 F.3d 101, 199 WL 282652 (6th Cir. 1999) (Table, Text in WESTLAW) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976)) (denying Eighth Amendment claim based on alleged failure to properly treat athlete's foot).

Furthermore, based on the nature of the plaintiff's claim, the court finds that he has failed to exhaust his administrative remedies. As noted above, in the only appeal to the secretary he complains only about the falsification of records. He did not claim in this appeal about denial of appropriate medical care. It is well established that failure to have exhausted administrative remedies prior to filing suit is grounds for dismissal of plaintiff's case. *Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir. 2005); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); *Johnson v. Meadows,* 418 F.3d at 1155. Chapter 33-103 of the Florida Administrative Code In Florida provides for a multi-tiered grievance procedure. Except in certain limited cases, inmates are to first utilize an informal grievance procedure. Ch. 33-103.005, F.A.C. Plaintiff was not required to file an informal grievance as his initial grievance dealt with medical issues. The next level, or in this case the first level, of review

is a formal grievance to the warden or assistant warden. Ch. 33-103.006, F.A.C. Lastly, an inmate may appeal to the Office of the Secretary. Ch. 33-103.007, F.A.C. In order to exhaust the grievance process, an inmate must avail himself of all levels of review applicable to his or her claim. In this case, plaintiff has not established that he exhausted his claim that Dr. Kats-Kagan was deliberately indifferent to his medical needs.

Plaintiff has failed to state a claim that Dr. Kats-Kagan was deliberately indifferent to his serious medical needs. Furthermore, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted). Therefore, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 30th day of December, 2005.

/s/ *Miles Davis*
  **MILES DAVIS**
  **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).